1  RILEY A. CLAYTON
   Nevada Bar No. 005260
2  rclayton@lawhjc.com

3  **HALL JAFFE & CLAYTON, LLP**
   7425 PEAK DRIVE
4  LAS VEGAS, NEVADA 89128
   (702) 316-4111
5  FAX (702)316-4114

6  Attorney for Defendant,
   *State Farm Fire & Casualty Co.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CYSTINE WAGENSCHUTZ,, <br><br>Plaintiff, <br><br>vs. <br><br>STATE FARM FIRE & CASUALTY COMPANY and DOES I through X, inclusive, <br><br>Defendants. | Case No.: 2:17-cv-02875-GMN-NJK <br><br>**STIPULATION AND ORDER FOR DISMISSAL WITH PREJUDICE, CAP ON DAMAGES, AND AGREEMENT FOR PRIVATE BINDING ARBITRATION** |

This Stipulation and Order for Dismissal With Prejudice, Cap On Damages, And Agreement For Binding Arbitration (hereinafter "Agreement") is entered into by Plaintiff, Cystine Wagenschutz ("Plaintiff"), and Defendant, State Farm Fire & Casualty Company ("State Farm"), (collectively referred to as the "Parties"), as an alternative method of resolving a dispute that has arisen from two separate automobile accidents that occurred on September 17, 2016, and October 27, 2016, respectively, which resulted in two separate UIM claims (Claim Nos. 28-9D73-822; 28-9P17-368, respectively), and which culminated in a lawsuit styled *Cystine Wagenschutz v. State Farm Fire & Casualty Company,* currently pending in the United States District Court, District of Nevada, Case No. 2:17-cv-02875-GMN-NJK. Plaintiff is represented by Stucki Injury Law and Tingey & Tingey. State Farm is represented by Hall Jaffe & Clayton, LLP.

The following terms and conditions of this Agreement will become effective upon the signature by the Parties and the execution and filing of the same by this Court.

1. State Farm has issued two separate policies of automobile insurance, one naming Cystine Wagenschutz as the named insured (Policy No. 095069728B), and another naming Bernadine A. Lewandowski as the named insured (Policy No. 122946628), which provide, among other coverages, Uninsured/Underinsured Motor Vehicle coverage ("UIM"). Each of these separate policies contains UIM limits of $50,000 "each person" for any single accident, subject to all terms, conditions, limitations of the policy and any applicable offsets.

2. In an effort to resolve all disputes, claims, and controversies between the Parties arising out of and relating to the September 17, 2016, and October 27, 2016, automobile accidents and subsequent claims handling and decision-making, the Parties have agreed to dismiss the pending lawsuit with prejudice, cap all damages against State Farm at $100,000 (which is the aggregate of the two separate $50,000 UIM limits from each policy for each accident), and allow the remaining UIM value dispute claims to be submitted to and decided through binding arbitration.

3. For and in consideration of the mutual covenants and promises made herein, the Parties enter into this Agreement and agree to be bound by its terms as fully stated herein.

4. The Parties, through this Agreement, agree to dismiss the instant lawsuit with prejudice that is currently on file in the United States District Court, State of Nevada, with each party to bear its own fees and costs.

5. The Parties agree that the arbitration shall be binding and shall be the sole and final resolution and adjudication of Plaintiff's UIM value dispute claims against State Farm arising out of the September 17, 2016, and October 27, 2016, automobile accidents. The arbitrator's decision and award shall be the sole basis for recovery on this claim and shall be final and binding. The Parties agree that there shall be no right of appeal of the arbitrator's decision to any trial or appellate court or any other court, forum, person or entity, or the arbitrator himself. Likewise, the Parties agree that there shall be no right to submit a motion for reconsideration or similar motion or request to the arbitrator.

6. The arbitrator will only be asked to resolve the issue of Plaintiff's legal entitlement, if any, to UIM proceeds under the two separate policies arising out of the two separate automobile accidents, subject to all terms, conditions, and offsets under the policy and Nevada law. In other words, the arbitrator shall determine fault for these accidents (and apportion it appropriately, if necessary), and

the extent of Plaintiff's damages by placing a fair and equitable "total value" (which includes compensable medical specials, income loss, and general damages) on Plaintiff's claims for each accident, and the application of any of the policy's terms, conditions and exclusion, if applicable. The arbitrator will not be asked to and will not consider any alleged claims handling/decision-making issues or liability for extra-contractual claims, including, but not limited to, breach of the implied covenant of good faith and fair dealing, statutory claims handling violations, stacking of UM/UIM policies, or liability for punitive or other extra-contractual damages, as such extra-contractual claims and damages, have been and are expressly waived by Plaintiff through this Agreement and through the dismissal of the lawsuit with prejudice.

7. The Parties agree to use Joseph Bongiovi, Esq. as the arbitrator.

8. The Parties shall advise the arbitrator of an agreement for binding arbitration and proceed in a manner that is agreeable to the Parties and to the arbitrator. The Parties shall be allowed to conduct any reasonable discovery permitted by the arbitrator under the Nevada Rules of Civil Procedure. The arbitrator shall resolve any and all discovery disputes, including the scope of permitted discovery. Subpoenas can be issued and enforced pursuant to NRS 38.233. Arbitration briefs and exhibits are to be submitted in accordance with the instructions and desires of the arbitrator.

9. The arbitration hearing will be held at a mutually agreed upon date and time.

10. The arbitrator shall be given discretion to conduct the arbitration hearing in an informal and expeditious manner allowing for such testimony or evidence as is needed to reach a decision. The parties may submit and the arbitrator may consider written expert reports consistent with the format requirements of Nev. R. Civ. P. 26 in lieu of live expert testimony.

11. Regarding Plaintiff's remaining UIM value dispute claims against State Farm, the "range of award" herein shall be set at a $0.00 "low" and capped at a $50,000 "high" **for each separate accident.** In other words, if Plaintiff is able to prove legal entitlement to UIM proceeds **for each separate accident**, then Plaintiff could potentially recover up to $50,000 in UIM benefits for the September 17, 2016, accident, and up to another $50,000 for the October 27, 2016, accident. Through this agreement and arbitration, then, Plaintiff may ultimately be able to recover up to a total of $100,000 from State Farm. The $50,000 "high" **for each separate accident** derives from the amount of UIM

benefits potentially available under the "each person" policy limit under each separate UIM policy, and constitutes the maximum amount that State Farm would potentially have to pay under this Agreement.

12. With respect to the September 17, 2016, accident, State Farm will be entitled to $16,000 in offsets, which derive from the $15,000 in BI and $1,000 in MPC benefits already paid from other sources. With respect to the October 27, 2016, accident, State Farm will be entitled to $66,000 in offsets, which derive form the $50,000 in BI, $1,000 in MPC, $15,000 in UIM benefits already paid from other sources.

13. The only manner in which State Farm would be obligated to pay any UIM proceeds for the September 17, 2016, accident is if the arbitrator concluded that the total value of Plaintiff's claim for the that accident exceeded $16,000. The only manner in which State Farm would be obligated to pay any UIM proceeds for the October 27, 2016, accident is if the arbitrator concluded that the total value of Plaintiff's claim for that accident exceeded $66,000. By way of example, if the arbitrator were to conclude that the total value of Plaintiff's claim for the September 17, 2016, accident was $10,000, and was $55,000 for the October 27, 2016, accident, then State Farm would be obligated to pay $0.00 in UIM benefits under the first policy for the September 17, 2016, accident, and $0.00 in UIM benefits under the second policy for the October 27, 2017, accident. By way of a second example, if the arbitrator were to conclude that the total value of Plaintiff's claim for the September 17, 2016, accident were $50,000, and the total value of Plaintiff's claim for the October 27, 2016, accident were $80,000, then State Farm would be obligated to pay $34,000 in UIM benefits under the first policy for the September 17, 2016, accident, and another $14,000 in UIM benefits under the second policy for the October 27, 2016, accident.

14. **The maximum amount that State Farm would ever be required to pay Plaintiff in UIM money under this Agreement is $50,000 for each accident under each UIM policy, for a total of $100,000 combined.** By way of a third example, if the arbitrator were to conclude that the total value of Plaintiff's claim for the September 17, 2016, accident was 80,000, and was $200,000 for the October 27, 2016, accident, then State Farm would only be obligated to the maximum amount allowable under this Agreement, i.e., $50,000 in UIM benefits under the first policy for the September 17, 2016, accident, and another $50,000 in UIM benefits under the second policy for the October 27, 2016, accident, for a

4

combined total of $100,000. In other words, any awarded amount over the $50,000 policy limit for each accident shall be capped at $50,000 for each accident, and any awarded amount over the cap is otherwise discharged/eliminated by operation of law through this Agreement.

15. The arbitrator shall not be permitted to make an award of attorney fees, legal costs, or interest to any party. An Offer of Judgment by either party will have no effect.

16. Payments of the sum awarded, as limited and capped by the parameters set forth herein, shall be made no later than 20 days after service of the arbitrator's written decision.

17. The Parties agree to equally share and pay for the arbitrator's fees and costs.

18. This Agreement is binding on the Parties, their heirs, executors, administrators, personal representatives, legal representatives, and other such persons or entities.

19. The terms and conditions of this agreement may be modified upon the written and mutual agreement of the Parties.

Dated this February 13, 2018.

HALL JAFFE & CLAYTON, LLP

*/s/ Riley A. Clayton*

By _____
RILEY A. CLAYTON
Nevada Bar No. 005260
7425 Peak Drive
Las Vegas, Nevada 89128
Attorney for Defendant

Dated this February 13, 2018.

STUCKI INJURY LAW

*/s/ Kyle A. Stucki*

By _____
KYLE A. STUCKI
Nevada Bar No. 12646
8972 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Attorney for Plaintiff
and
Bruce D. Tingey, Esq.
TINGEY & TINGEY
2001 W. Charleston Blvd.
bruce@tingeylawfirm.com
Attorneys for Plaintiff

***O R D E R***

**IT IS SO ORDERED**

Dated this 16 day of February, 2018.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT